1 Roderick G. Dorman (SBN 96908)
rdorman@mckoolsmith.com
2 MCKOOL SMITH P.C.
300 South Grand Avenue, Suite 2900
3 Los Angeles, California 90071
4 Telephone: (213) 694-1200

5 Douglas A. Cawley (TX SBN 04035500) (Pro Hac Vice to be Filed)
dcawley@mckoolsmith.com
6 MCKOOL SMITH P.C.
7 300 Crescent Court, Suite 1500
Dallas, Texas 75201
8 Telephone: (214) 978-4000

9 Joshua W. Budwin (TX SBN 24050347) (Pro Hac Vice to be Filed)
jbudwin@mckoolsmith.com
10 John B. Campbell (TX SBN 24036314) (Pro Hac Vice to be Filed)
11 jcampbell@mckoolsmith.com
Kristina S. Baehr (TX SBN 24080780 (Pro Hac Vice to be Filed)
12 kbaehr@mckoolsmith.com
R. Mitch Verboncoeur (TX SBN 24105732) (Pro Hac Vice to be Filed)
13 mverboncoeur@mckoolsmith.com
MCKOOL SMITH P.C.
14 300 W. 6th Street, Suite 1700
15 Austin, Texas 78701
Telephone: (512) 692-8700
16

17 Attorneys for Plaintiff
ROVI GUIDES, INC.
18

**UNITED STATES DISTRICT COURT**
19 **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROVI GUIDES, INC., | Case No. |
| Plaintiff, | |
| v. | Judge: |
| COMCAST CORPORATION; COMCAST CABLE COMMUNICATIONS, LLC; COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC; COMCAST BUSINESS COMMUNICATIONS, LLC; COMCAST HOLDINGS CORPORATION; COMCAST SHARED SERVICES, LLC; COMCAST OF SANTA MARIA, LLC; and COMCAST OF LOMPOC, LLC, | **ROVI GUIDES, INC.'S NOTICE OF RELATED CASES** [Local Rule 83-1.3.1] |
| Defendants. | |

Under Local Rule 83-1.3.1, Plaintiff Rovi Guides, Inc., provides notice of a related case in the Central District of California: <u>Rovi Guides, Inc. v. Comcast</u>, Case No. 2:18-cv-00253. The 00253 case and this case arise from the same or a closely related transaction, call for determination of substantially related or similar questions of law and fact, and would entail substantial duplication of labor if heard by different judges.

## I. THE TWO CASES ARISE FROM THE SAME TRANSACTION OR EVENT.

Rovi has a portfolio of thousands of United States and foreign patents directed at interactive program guides and consumer interfaces with mobile and television applications. Rovi offers its patented technology on a full portfolio basis. For years, Comcast and every other major cable and satellite company licensed Rovi's portfolio on fixed terms. When those term licenses expired approximately two years ago, every member of the industry renewed its license except for one: Comcast. Comcast refuses to pay and yet continues to use Rovi's patented technology without a license. Comcast's failure to license Rovi's patent portfolio has led to both cases being filed.

## II. THE CASES CALL FOR DETERMINATIONS OF THE SAME OR SUBSTANTIALLY RELATED OR SIMILAR QUESTIONS OF LAW AND FACT.

Both cases involve the same accused products. In both actions the accused products are Comcast's X1 System.

Both cases involve Comcast's willful infringement under the same or substantially related circumstances. For example, each case includes at least one patent-in-suit for which, on September 23, 2014, Rovi specifically provided a claim chart showing Comcast's ongoing infringement. Ex. 1 ¶ 110; Dkt. No. 1 ¶¶ 137, 190, 245, 272. Each case also includes at least one related patent, and there is a risk of inconsistent rulings related to those patents by different judges. *See* Ex. 1 ¶¶ 120-124

(asserting U.S. Patent No. 9,294,799); Dkt. No. 1 ¶¶ 147-172 (asserting U.S. Patent No. 8,973,069).

### III. A SUBSTANTIAL DUPLICATION OF LABOR WOULD BE REQUIRED IF HEARD BY DIFFERENT JUDGES.

These two cases involve common interactive program guide technology about which any Court must become aware. Similarly, any Court handling either case must learn the common history between the parties. Further and just as importantly, the circumstances of both cases and the related ITC actions that Rovi has had to initiate against Comcast commend a single judge to actively manage these cases with the help of capable counsel to drive the larger matter to resolution. Although the lower numbered case and the instant filing could each individually proceed to judgment and yield judicial outcomes in damages and injunctive determinations, both cases can only be resolved short of judgment together. A single judge handling both cases will help to facilitate that outcome.

DATED: January 14, 2019

Respectfully submitted,

MCKOOL SMITH, P.C.

BY /s/ Roderick G. Dorman

RODERICK G. DORMAN

ATTORNEYS FOR PLAINTIFF
ROVI GUIDES, INC.