Ashok Ramani (SBN 200020)
ashok.ramani@davispolk.com
David J. Lisson (SBN 250994)
david.lisson@davispolk.com
Micah G. Block (SBN 270712)
micah.block@davispolk.com
Gareth E. DeWalt (SBN 261479)
gareth.dewalt@davispolk.com
Philip T. Sheng (SBN 278422)
philip.sheng@davispolk.com
Serge A. Voronov (SBN 298655)
serge.voronov@davispolk.com
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROVI GUIDES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>COMCAST CORPORATION; COMCAST CABLE COMMUNICATIONS, LLC; COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC; COMCAST BUSINESS COMMUNICATIONS, LLC; COMCAST HOLDINGS CORPORATION; COMCAST SHARED SERVICES, LLC; COMCAST OF SANTA MARIA, LLC; and COMCAST OF LOMPOC, LLC,<br><br>Defendants. | Case No. 2:19-cv-0275-AG (FFMx)<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Defendants Comcast Corporation, Comcast Cable Communications, LLC, Comcast Cable Communications Management, LLC, Comcast Business Communications, LLC, Comcast Holdings Corporation, NBCUniversal Shared Services, LLC (formerly known as Comcast Shared Services, LLC), Comcast of Santa Maria, LLC, and Comcast of Lompoc, LLC (collectively, "Comcast"[1]), by their undersigned counsel, respond to the Amended Complaint for Patent Infringement filed by Rovi Guides, Inc. ("Plaintiff" or "Rovi") on March 7, 2019 (the "Amended Complaint") as follows:

## SUMMARY OF ACTION[2]

1.      Admitted that in 2004, Comcast Corporation entered into a License and Distribution Agreement (the "LDA") with Gemstar-TV Guide International, Inc. ("Gemstar"), a predecessor company to Rovi, that provided certain rights and licenses to Comcast and its affiliates, including a patent license.  Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 concerning "every other major US Pay-TV provider" and "Comcast's Pay-TV competitors," and therefore denies the same.  The remaining allegations of paragraph 1 are denied.

---

[1] Throughout this Answer, an admission or averment of a fact with respect to "Comcast" constitutes an answer or averment of that fact with respect to at least one named Comcast defendant, and not an admission or averment of that fact with respect to all the named Comcast defendants.  At least Comcast Corporation, Comcast Holdings Corporation, and NBCUniversal Shared Services, LLC (formerly known as Comcast Shared Services, LLC) have no involvement with any of the allegedly infringing activities.

[2] Comcast repeats certain headings set forth in the Amended Complaint to simplify comparison of the Amended Complaint and this Answer.  By doing so, Comcast makes no admission regarding the substance of the headings or any other allegations of the Amended Complaint, and, unless otherwise stated, to the extent that a particular heading can be construed as an allegation, Comcast denies it.

2.       Admitted that in 2004, Comcast Corporation entered into the LDA with Gemstar pursuant to which Comcast Corporation and its affiliates were granted a number of rights and licenses as set forth in the agreement, including a patent license, a trademark license, a data license, and a right to receive guide data. Further admitted that the LDA provided for a one-time payment to Gemstar of $250 million and included nonmonetary terms of importance to Comcast Corporation and its affiliates.  Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 concerning the size of "Rovi's US patent portfolio," and therefore denies the same.  The remaining allegations of paragraph 2 are denied.

3.       Admitted that the LDA expired on March 31, 2016.  Comcast avers that the LDA speaks for itself.  The remaining allegations of paragraph 3 are denied.

4.       Admitted that during negotiations prior to March 31, 2016, Rovi provided Comcast with notice of U.S. Patent Nos. 8,448,215 ("the '215 patent"), 7,735,107 ("the '107 patent"), 7,873,978 ("the '978 patent"), and 8,272,019 ("the '019 patent").  The remaining allegations of paragraph 4 are denied.  To the extent that any allegation in paragraph 4 is intended as a basis for liability as to Comcast, it is denied.

5.       Admitted that Rovi has filed several patent infringement actions against Comcast in federal district courts and the International Trade Commission ("ITC") since March 31, 2016.  Admitted that Rovi has asserted 23 patents in its actions against Comcast prior to the current action.  The remaining allegations of paragraph 5 are denied.

6.     Admitted that on November 21, 2017, the ITC issued a Limited Exclusion Order ("LEO") and Cease and Desist Orders ("CDOs") in *In re Certain Digital Video Receivers & Hardware & Software Components Thereof*, Inv. No. 337-TA-1001.  Comcast avers that the patents underlying those orders have since been found invalid by the Patent Trial and Appeal Board ("PTAB").  The remaining allegations of paragraph 6 are denied.

7.     Denied.

8.     Comcast denies the allegations in paragraph 8 directed at Comcast. Comcast avers that many of Rovi's patents have been found invalid and/or not infringed.  Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 concerning "[v]irtually the entire US Pay-TV industry" or "every major Pay-TV provider in the United States" and therefore denies the remaining allegations of paragraph 8.

9.     Admitted that during the course of negotiations between Comcast and Rovi, Rovi presented Comcast with information relating to certain patents in Rovi's patent portfolio.  Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 concerning "Rovi's patent portfolio" more generally and therefore denies those allegations.  The remaining allegations of paragraph 9 are denied.

10.     Admitted that "some of the Asserted Patents will expire before or shortly after trial."  The remaining allegations of paragraph 10 are denied.

3

# THE PARTIES

## ROVI

11.    Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11, and therefore denies the same.

12.    Denied that Rovi is a global leader in digital entertainment solutions and that Rovi's "market-leading" solutions enable the proliferation of access to media on electronic devices.  Comcast lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12, and therefore denies the same.

13.    Denied that Rovi companies are and have been pioneers in media technology and that Rovi has continued to innovate since 1981.  Comcast lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13, and therefore denies the same.

14.    Denied that Rovi's patented inventions are "must-haves" for television, other media service providers, and the consumer electronics industry. Comcast lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14, and therefore denies the same.

15.    Denied that Comcast has taken a license to a portfolio of Rovi's patents "[i]n recognition of the importance and value of Rovi's patented technologies and Rovi's role as an innovator."  Comcast lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15, and therefore denies the same.

16.    Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16, and therefore denies the same.

17.     Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17, and therefore denies the same.

**DEFENDANTS**

18.     Admitted that Comcast Corporation is a Pennsylvania corporation with its principal place of business at One Comcast Center, 1701 John F. Kennedy Blvd., Philadelphia, Pennsylvania 19103.  Admitted that Comcast Corporation's indirect subsidiaries provide Xfinity Home, Internet, TV and Digital Voice to subscribers.  Admitted that some Xfinity TV subscribers receive a set-top box. The remaining allegations of paragraph 18 are denied.

19.     Admitted that Comcast Cable Communications, LLC is a Delaware limited liability company with its principal place of business at One Comcast Center, 1701 John F. Kennedy Blvd., Philadelphia, Pennsylvania 19103.  Admitted that Comcast Cable Communications, LLC is an indirect subsidiary of Comcast Corporation.  The remaining allegations of paragraph 19 are denied.

20.     Admitted that Comcast Cable Communications Management, LLC is a Delaware limited liability company with its principal place of business at One Comcast Center, 1701 John F. Kennedy Blvd., Philadelphia, Pennsylvania 19103. Admitted that Comcast Cable Communications Management, LLC is an indirect subsidiary of Comcast Corporation.  The remaining allegations of paragraph 20 are denied.

21.     Admitted that Comcast Business Communications, LLC is a Pennsylvania limited liability company, with its principal place of business at One Comcast Center, 1701 John F. Kennedy Blvd., Philadelphia, Pennsylvania 19103.

Admitted that Comcast Business Communications, LLC is an indirect subsidiary of Comcast Corporation.  The remaining allegations of paragraph 21 are denied.

22.     Admitted that Comcast Holdings Corporation is a Pennsylvania corporation, with its principal place of business at One Comcast Center, 1701 John F. Kennedy Blvd., Philadelphia, Pennsylvania, 19103.  Admitted that Comcast Holdings Corporation is a direct subsidiary of Comcast Corporation.  The remaining allegations of paragraph 22 are denied.

23.     Comcast avers that NBCUniversal Shared Services (formerly known as Comcast Shared Services, LLC) is a Delaware limited liability company and that its principal place of business is 30 Rockefeller Plaza, New York, NY 10112.  Admitted that NBCUniversal Shared Services, LLC is an indirect subsidiary of Comcast Corporation.  The remaining allegations of paragraph 23 are denied.

24.     Admitted that Comcast of Santa Maria, LLC is a Delaware limited liability company and that its principal place of business is One Comcast Center, 1701 John F. Kennedy Blvd., Philadelphia, Pennsylvania, 19103.  Admitted that Comcast of Santa Maria, LLC is an indirect subsidiary of Comcast Corporation. The remaining allegations of paragraph 24 are denied.

25.     Admitted that Comcast of Lompoc, LLC is a Delaware limited liability company and that its principal place of business is One Comcast Center, 1701 John F. Kennedy Blvd., Philadelphia, Pennsylvania, 19103.  Admitted that Comcast of Lompoc, LLC is an indirect subsidiary of Comcast Corporation.  The remaining allegations of paragraph 25 are denied.

## JURISDICTION AND VENUE

26. Admitted that Rovi purports to bring an action for patent infringement under the United States Patent laws, 35 U.S.C. § 1, *et seq.* Comcast does not contest federal subject-matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a). Denied that venue is proper as to Comcast Corporation, Comcast Holdings Corporation and NBCUniversal Shared Services, LLC. For purposes of this action only, Comcast does not contest that venue is proper as to Comcast Cable Communications, LLC, Comcast Cable Communications Management, LLC, Comcast Business Communications, LLC, Comcast of Santa Maria, LLC and Comcast of Lompoc, LLC. To the extent that any allegation in paragraph 26 is intended as a basis for liability as to Comcast, it is denied. The remaining allegations of paragraph 26 are denied.

27. Admitted that Rovi purports to bring an action for patent infringement regarding Comcast's Xfinity TV Service. The remaining allegations of paragraph 27 are denied.

28. Comcast avers that no answer to paragraph 28 is required. To the extent that an answer is required or any allegation in paragraph 28 is intended as a basis for liability as to Comcast, it is denied.

29. Admitted that subsidiaries of Comcast Cable Communications, LLC operate Xfinity stores at locations in the Central District of California. Admitted that subsidiaries of Comcast Cable Communications, LLC lease the premises where Xfinity stores are located in the Central District of California and that these stores are staffed by persons employed by one or more subsidiaries of Comcast Cable Communications, LLC. The remaining allegations of paragraph 29 are

7

denied.  To the extent that any allegation in paragraph 29 is intended as a basis for liability, it is denied.

30.    Denied.

31.    Denied.

32.    Comcast does not contest that venue is proper as to Comcast Cable Communications, LLC, for purposes of this action only.  Comcast Cable Communications, LLC does not contest this Court's personal jurisdiction over it for purposes of this action only.  The remaining allegations of paragraph 32 are denied.  To the extent that any allegation in paragraph 32 is intended as a basis for liability as to Comcast, it is denied.

33.    Comcast does not contest that venue is proper as to Comcast Cable Communications Management, LLC, for purposes of this action only.  Comcast Cable Communications Management, LLC does not contest this Court's personal jurisdiction over it for purposes of this action only.  The remaining allegations of paragraph 33 are denied.  To the extent that any allegation in paragraph 33 is intended as a basis for liability as to Comcast, it is denied.

34.    Comcast does not contest that venue is proper as to Comcast of Santa Maria, LLC, for purposes of this action only.  Comcast of Santa Maria, LLC does not contest this Court's personal jurisdiction over it for purposes of this action only.  Admitted that Comcast of Santa Maria, LLC maintains at least one office and/or facility in the Central District of California.  To the extent that any allegation in paragraph 34 is intended as a basis of liability as to Comcast, it is denied.  The remaining allegations of paragraph 34 are denied.

35.     Comcast does not contest that venue is proper as to Comcast of Lompoc, LLC, for purposes of this action only.  Comcast of Lompoc, LLC does not contest this Court's personal jurisdiction over it for purposes of this action only.  Admitted Comcast of Lompoc, LLC maintains at least one office and/or facility in the Central District of California.  To the extent that any allegation in paragraph 35 is intended as a basis for liability as to Comcast, it is denied.  The remaining allegations of paragraph 35 are denied.

36.     Comcast denies that this Court has personal jurisdiction over Comcast Corporation, Comcast Holdings Corporation and NBCUniversal Shared Services, LLC (formerly known as Comcast Shared Services, LLC).  Comcast further denies that venue is proper as to Comcast Corporation, Comcast Holdings Corporation and NBCUniversal Shared Services, LLC.  To the extent that any allegation in paragraph 36 is intended as a basis for liability as to Comcast, it is denied.

37.     For purposes of this action only, Comcast does not contest that venue is proper as to Comcast Cable Communications, LLC, Comcast Cable Communications Management, LLC, Comcast Business Communications, LLC, Comcast of Santa Maria, LLC and Comcast of Lompoc, LLC.  Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 concerning the location of Rovi's primary office, number of employees who work there, and whether potential testifying witnesses are among those employees.  The remaining allegations of paragraph 37 are denied.

# FACTUAL BACKGROUND

## ROVI

38. Denied.

39. Denied that the Rovi family of companies "has been a pioneer and recognized leader in media technology, including the technology used to facilitate consumer access to television and other audiovisual media." Denied that "Rovi's market-leading digital entertainment solutions enable the proliferation of access to media on electronic devices." Comcast lacks knowledge or information sufficient to form a belief as to whether "Rovi's solutions are used by companies worldwide," and therefore denies the same. The remaining allegations of paragraph 39 are denied.

40. Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40, and therefore denies the same.

41. Denied that "United Video's innovations established itself [sic] as a pioneer in digital broadcasting and interactive program guide technology." Denied that United Video's technologies are, or were, important features for the cable industry. Comcast lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 41, and therefore denies the same.

42. Denied that the Rovi family of companies is "the frontrunner in the program guide industry." Comcast lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 42, and therefore denies the same.

43.     Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43, and therefore denies the same.

44.     Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44, and therefore denies the same.

45.     Denied that Rovi has a "leadership position in this industry." Comcast lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 45, and therefore denies the same.

46.     Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46, and therefore denies the same.

47.     Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47, and therefore denies the same.

48.     Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48, and therefore denies the same.

49.     Comcast admits that the website cited in footnote 5 states that Technology and Engineering Emmy® awards in general relate to "developments and/or standardization involved in engineering technologies which either represent so extensive an improvement on existing methods or are so innovative in nature that they materially have affected the transmission, recording, or reception of television."  Comcast lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 49, and therefore denies the same.

50.     Comcast lacks knowledge or information sufficient to form a belief as to the number of Rovi patents issued or pending worldwide, and therefore denies the same.  The remaining allegations in paragraph 50 are denied.

51.     Denied that Comcast has recognized "[t]he strength of Rovi's patent portfolio" or "acknowledged the value of Rovi's innovations."  Admitted that in 2004, Comcast Corporation entered into the LDA with Gemstar pursuant to which Comcast Corporation and its affiliates were granted a number of rights and licenses as set forth in the agreement, including a patent license, a trademark license, a data license, and a right to receive guide data.  Further admitted that the agreement provided for a one-time payment to Gemstar of $250 million and included nonmonetary terms of importance to Comcast Corporation and its affiliates. Denied that Comcast "decided to free ride" and "refus[ed] to renew its license and compensate Rovi."  Comcast lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 51, and therefore denies the same.  To the extent that any allegation in paragraph 51 is intended as a basis for liability as to Comcast, it is denied.

52.     Comcast denies that it infringes any valid and enforceable claim of the Asserted Patents.  Comcast lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 52, and therefore denies the same.

**COMCAST**

53.     Admitted that Comcast Corporation's 2002 Form 10-K states that "[a]s a result of the Broadband acquisition, we are the largest cable operator in the United States."  The remaining allegations of paragraph 53 are denied.

54.     Admitted that Comcast Corporation's 2004 Form 10-K states that "Our subscriber growth is attributable to new and improved products and advanced services in our digital cable and high-speed Internet services.  These include video

on demand ("VOD" or "On Demand"), high-definition television ("HDTV") programming and digital video recorders ("DVR's) in our video services and a fast and reliable network, enhanced Internet portal, video mail and additional content in our high-speed Internet services[.]"   Admitted that Comcast Corporation's 2004 Form 10-K states that "[d]uring 2004, we expanded our efforts to acquire and develop technology that will drive product differentiation and new applications and extend our nationwide fiber-optic network."  The remaining allegations of paragraph 54 are denied.

54.    Denied that Comcast entered into a license agreement with Gemstar "to secure the growth in its 'advanced services.'"  Admitted that in 2004, Comcast Corporation entered into the LDA with Gemstar pursuant to which Comcast Corporation and its affiliates were granted a number of rights and licenses as set forth in the agreement, including a patent license, a trademark license, a data license, and a right to receive guide data.  Admitted that also in 2004, Comcast IPG/JV, LLC, Comcast Corporation, and IPG Development Venture, LLC executed a Joint Venture Agreement with Gemstar.  Admitted that Comcast Corporation's 2004 Form 10-K, states that "[d]uring 2004, we expanded our efforts to acquire and develop technology that will drive product differentiation and new applications and extend our nationwide fiber-optic network.  We achieved these objectives in 2004 through strategic agreements signed with Gemstar-TV Guide and Microsoft, which enable us to control and develop the enhancement of the user interface and the functionality of our service offerings, such as our interactive programming guide and our VOD and DVR service.  In addition, we and Gemstar

---

formed an entity to develop and enhance interactive programming guides." The remaining allegations of paragraph 55 are denied.

56. Denied.

57. Admitted that Comcast's website, as cited in footnote 8, states that in 2004 "Comcast sign[ed] strategic agreements with Gemstar-TV Guide and Microsoft to develop enhancements to the user interface and the functionality of its service offerings. Comcast and Gemstar form[ed] an entity to develop and enhance interactive programming guides." The remaining allegations of paragraph 57 are denied.

58. Admitted that Comcast Corporation's 2004 Form 10-K states that "[o]ur subscriber growth is attributable to new and improved products and advanced services in our digital cable and high-speed Internet services. These include video on demand ('VOD' or 'On Demand'), high-definition television ('HDTV') programming and digital video recorders ('DVR's) in our video services and a fast and reliable network, enhanced Internet portal, video mail and additional content in our high-speed Internet services[.]" Admitted that Comcast Corporation's 2004 Form 10-K states that "[o]ur cable systems compete with a number of different sources that provide news, information and entertainment programming to consumers." The remaining allegations of paragraph 58 are denied.

59. Denied.

60. Admitted that Rovi and Comcast terminated their Joint Venture in 2010. Admitted that Comcast STB Software I, LLC, Comcast Corporation and Rovi Guides (f/k/a Gemstar) entered into an Amended and Restated License and

Distribution Agreement in 2010, pursuant to which Comcast and its affiliates were granted a license under Rovi's patents that was more expansive than the patent license granted in the 2004 LDA. Admitted that the April 21, 2015 press release from Rovi's website cited in footnote 10 states that Rick Rioboli, SVP, Comcast Metadata Products and Search Services, remarked that "Rovi has been a very important partner of ours for many years." The remaining allegations of paragraph 60 are denied.

61. Admitted that in 2012 Comcast was licensed under Rovi's patents. Admitted that Comcast's website, as cited in footnote 11, states that "[i]n 2012, Comcast launched X1, a cloud-enabled video platform that transformed the TV into an interactive, integrated entertainment experience." The remaining allegations of paragraph 61 are denied.

62. Admitted that Comcast's website, as cited in footnote 12, states that "[i]n 2014, Comcast introduced the next generation of the X1 Entertainment Operating System™ designed to make navigation, search and discovery of content easier and quicker than ever before. The X1 gives customers an interactive TV experience, providing instant access to all of their entertainment." Admitted that in 2014 Comcast was licensed under Rovi's patents. The remaining allegations of paragraph 62 are denied.

63. Denied.

64. Admitted that Comcast has an installed base of several million X1 subscribers and that Comcast markets its X1 platform in the United States. To the extent that any allegation in paragraph 64 is intended as a basis for liability as to Comcast, it is denied. The remaining allegations of paragraph 64 are denied.

65.     Denied that "[e]ven today, Comcast recognizes the critical role that its infringing IPG platform has in driving product differentiation and consumer demand for its products and services."  Admitted that Comcast stated to the Federal Communications Commission ("FCC") in 2016 that "the interface is how MVPDs – and OVDs for that matter – differentiate themselves in a highly competitive marketplace."  Admitted that Comcast also stated to the FCC that "Faced with fierce competition, providers are intent on giving consumers the flexibility they demand to access video programming on the devices of their choice, and delivering more value to customers."  The remaining allegations of paragraph 65 are denied.

66.     Admitted that the Amended and Restated License and Distribution Agreement by and among Comcast STB Software I, LLC, Comcast Corporation and Rovi Guides (f/k/a Gemstar) expired on March 31, 2016.  The remaining allegations of paragraph 66 are denied.

## COMCAST AND ROVI

67.     Admitted that Comcast markets its X1 service to subscribers in the United States.  Admitted that Comcast's website, as cited in footnote 16, provides a description of a feature referred to as "X1 AnyRoom DVR."  Admitted that Comcast's website, as cited in footnote 17, provides a FAQ on a feature referred to as "X1 Cloud DVR." Admitted that Comcast's website, as cited in footnote 18, provides instructions on accessing a feature referred to as "Xfinity Stream App." The remaining allegations of paragraph 67 are denied.

68.     Denied that Rovi's guide products "compete directly and indirectly with Comcast's Accused Products in the United States."  Comcast lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 68, and therefore denies the same.

69.     Admitted that Comcast describes the X1 Syndication Platform on its website at the link cited in footnote 19 as a service that "brings innovations and technologies from Comcast to global operators to improve their customers' experiences."[3]  Denied that Comcast has marketed its X1 platform to Suddenlink.  Denied that Comcast's X1 Syndication Platform competes with Rovi.  Comcast lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 69, and therefore denies the same.  To the extent that any allegation in paragraph 69 is intended as a basis for liability as to Comcast, it is denied.

70.     Denied that any of Comcast's products or services infringe any valid and enforceable claim of the Asserted Patents.  Admitted that Comcast's Xfinity Partner Program was announced on April 20, 2016.  Admitted that Comcast's website, as cited in footnote 21, states that "This app will provide access to our Xfinity TV cable service, including the Emmy-Award winning Xfinity TV guide, live and on demand programming and cloud DVR recordings, and will be available on partners' smart TVs, TV-connected devices, and other IP-enabled video devices."  Admitted that the website cited in footnote 21 discusses the Xfinity TV Partner Program and describes the program as allowing partners to "leverage innovative user experiences, including an intuitive user interface, personalized content, and cloud DVR recordings."  The remaining allegations of paragraph 70

---

[3] *Transforming Your Customers' Experience*, COMCAST TECHNOLOGY SOLUTIONS, https://www.comcasttechnologysolutions.com/our-portfolio/x1-platform.

are denied.  To the extent that any allegation in paragraph 70 is intended as a basis for liability as to Comcast, it is denied.

71.     Denied.

## COMCAST'S PRODUCTS AND SERVICES

72.     Admitted that Comcast Cable Communications, LLC and its subsidiaries provide Xfinity Home, Internet, TV and Digital Voice to subscribers. The remaining allegations of paragraph 72 are denied.  To the extent that any allegation in paragraph 72 is intended as a basis for liability as to Comcast, it is denied.

73.     Comcast avers that Comcast Cable Communications, LLC and its subsidiaries, not Comcast Corporation, or Comcast Holdings Corporation, or NBCUniversal Shared Services, LLC, provide Xfinity Home, Internet, TV and Digital Voice to subscribers.  Admitted that certain of Comcast Cable Communications LLC's subsidiaries are listed in paragraph 73.  Comcast avers that Comcast Corporation, Comcast Holdings Corporation, and NBCUniversal Shared Services, LLC do not exercise control over the business operations of Comcast Cable Communications, LLC or its subsidiaries.  Except as expressly admitted or averred, the allegations of paragraph 73 are denied.  To the extent that any allegation in paragraph 73 is intended as a basis for liability as to Comcast, it is denied.

74.     Admitted that Xfinity services may be advertised, documented, or explained on the website www.xfinity.com.  Comcast avers that Comcast Cable Communications, LLC, not Comcast Corporation, owns, operates, and maintains the website located at http://www.xfinity.com.  Comcast further avers that Comcast

Corporation has not solicited, and does not solicit, any customers.  The remaining allegations of paragraph 74 are denied.  To the extent that any allegation in paragraph 74 is intended as a basis for liability as to Comcast, it is denied.

75.    Comcast avers that Comcast Cable Communications, LLC and its subsidiaries provide Xfinity Home, Internet, TV and Digital Voice to subscribers. Comcast avers that Comcast Corporation does not own or operate any cable systems, or sell, market, offer for sale, or provide any cable products or services within the state of California or anywhere else within the United States.  Comcast further avers that Comcast Corporation does not exercise control over the business operations of any of its subsidiaries.  Except as expressly averred, the allegations of paragraph 75 are denied.  To the extent that any allegation in paragraph 75 is intended as a basis of liability as to Comcast, it is denied.

76.    Admitted that Comcast Cable Communications, LLC markets Xfinity Home, Internet, TV and Digital Voice to subscribers.  Admitted that Comcast Cable Communications, LLC's Xfinity services may be advertised on the website www.xfinity.com.  The remaining allegations of paragraph 76 are denied.  To the extent that any allegation in paragraph 76 is intended as a basis for liability as to Comcast, it is denied.

77.    Admitted that Comcast Cable Communications, LLC and its subsidiaries have been involved in the design, testing, and implementation of Xfinity Home, Internet, TV and Digital Voice.  Admitted that Comcast Cable Communications, LLC provides management and coordination of network elements used to deliver Xfinity services and oversees its regional subsidiaries. The remaining allegations of paragraph 77 are denied.  To the extent that any

allegation in paragraph 77 is intended as a basis for liability as to Comcast, it is denied.

78.    Denied.

79.    Admitted that Comcast does not manufacture the set-top boxes provided to Xfinity customers.  The remaining allegations of paragraph 79 are denied.

80.    Admitted that Comcast rents set-top boxes and provides user guides to subscribers.  The remaining allegations of paragraph 80 are denied.  To the extent that any allegation in paragraph 80 is intended as a basis of liability as to Comcast, it is denied.

81.    Admitted that Comcast provides or makes available mobile applications that are intended to be used with its Xfinity services, including the Xfinity Stream application.  The remaining allegations of paragraph 81 are denied. To the extent that any allegation in paragraph 81 is intended as a basis for liability as to Comcast, it is denied.

82.    Comcast denies that it encourages the infringement of Rovi's patents. Admitted that the website cited in footnote 23 discusses a Comcast feature referred to as "X1 AnyRoom DVR."  Admitted that paragraph 82 accurately quotes from the website cited in footnote 24.  To the extent that any allegation in paragraph 82 is intended as a basis for liability as to Comcast, it is denied.  The remaining allegations of paragraph 82 are denied.

83.    Comcast admits that Comcast promoted the X1 platform and Xfinity services.  Admitted that Comcast developed its X1 platform.  The remaining allegations of paragraph 83 are denied.

84.     Admitted that the website cited in footnote 25 states "[t]he licensing agreement with Pace comes not long after Comcast also licensed the RDK to Motorola Mobility, and marks further progress in its efforts to get vendors such as original equipment manufacturers (OEMs), semiconductor manufacturers, software vendors, software integrators and multichannel video programming distributors to create an ecosystem for new gear for cloud-based and hybrid video services like Comcast's X1 service."  Comcast avers that the RDK software stack may be implemented on set-top boxes and is available from RDK Management LLC at no cost to licensed developers and vendors in an open-sourced manner.  The remaining allegations of paragraph 84 are denied.

85.     Admitted that Comcast purchases set-top boxes from third parties. The remaining allegations of paragraph 85 are denied.

86.     Admitted that over half of Comcast's residential video subscribers are on the X1 platform.  Admitted that Comcast rents its set-top boxes to its subscribers.  Admitted that the website cited in footnote 27 states that "Streampix is *not* designed as an out-of-footprint, over-the-top video service, much as commenters would like to pretend otherwise.  It is a branded VOD offering, available on Comcast's set-top boxes; its unique claim is simply that in assembling the service, Comcast set out to acquire full online rights as well, and highlighted the over-the-top access of the network."  Further admitted that the website cited in footnote 27 states "Comcast also is an industry leader in supporting Digital Living Network Alliance ('DLNA') standards that enable the networking of cable services from Comcast-supplied set-top boxes to third-party devices in the home."  To the

extent that any allegation in paragraph 86 is intended as a basis for liability as to Comcast, it is denied.  The remaining allegations of paragraph 86 are denied.

87.    Denied.

88.    Admitted that Comcast Cable Communications, LLC promotes the use and distribution of the X1 platform and Xfinity services.  The remaining allegations of paragraph 88 are denied.

## **LITIGATION**

89.    Admitted that on April 2, 2016, Rovi sued Comcast in two district court actions alleging infringement of various patents not asserted here.  Admitted that one of these actions is fully stayed in the United States District Court for the Southern District of New York.  Admitted that the other action is partially stayed in the United States District Court for the Southern District of New York.  To the extent that any allegation in paragraph 89 is intended as a basis for liability as to Comcast, it is denied.  The remaining allegations of paragraph 89 are denied.

90.    Admitted that on April 6, 2016, Rovi brought an enforcement action against Comcast in the ITC alleging infringement of various patents not asserted here.  Admitted that on November 21, 2017, the ITC issued an LEO and CDOs in that action.  Comcast avers that the patents underlying those orders have since been found invalid by the PTAB.  To the extent that any allegation in paragraph 90 is intended as a basis for liability as to Comcast, it is denied.  The remaining allegations of paragraph 90 are denied.

91.    Admitted that on January 10, 2018, Rovi sued Comcast in two district court actions alleging infringement of various patents not asserted here.  Admitted that on February 8, 2018, Rovi filed an enforcement action against Comcast in the

ITC alleging infringement of the same patents asserted in the two district court cases filed on January 10, 2018, none of which are asserted here.  Admitted that both district court cases are stayed pending the resolution of the ITC action.  To the extent that any allegation in paragraph 91 is intended as a basis for liability as to Comcast, it is denied.  The remaining allegations of paragraph 91 are denied.

92.     Denied.

## FIRST CLAIM FOR RELIEF

### U.S. PATENT NO. 9,055,319

93.     Comcast incorporates by reference its responses contained in paragraphs 1-92 above as though fully set forth herein.

94.     Denied.

95.     Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95, and therefore denies the same.

96.     Admitted that a document purporting to be the '319 patent is attached to the Amended Complaint as Exhibit A.

### The '319 Patent

97.     Comcast avers that the '319 patent speaks for itself.  Except as expressly admitted, the remaining allegations of paragraph 97 are denied.

98.     Admitted that paragraph 98 accurately quotes from the '319 patent at 22:12-24.  The remaining allegations of paragraph 98 are denied.

99.     Comcast avers that paragraph 99 quotes from the '319 patent at 22:25-39, and not from 22:12-39 as indicated in the paragraph.  Comcast admits that the quoted language otherwise accurately reflects the language from the '319 patent. The remaining allegations of paragraph 99 are denied.

100.   Admitted that paragraph 100 accurately quotes from the '319 patent at 22:47-23:12.  The remaining allegations of paragraph 100 are denied.

101.   Admitted that paragraph 101 accurately quotes from the '319 patent at 23:13-21.  Comcast admits that paragraph 101 accurately depicts Figure 18d from the '319 patent.  The remaining allegations of paragraph 101 are denied.

102.   Admitted that paragraph 102 accurately quotes from the '319 patent at 25:16-38.  The remaining allegations of paragraph 102 are denied.

Historical Context of the '319 Patent

103.   Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103, and therefore denies the same.  To the extent that any allegation in paragraph 103 is intended to establish patent eligibility under 35 U.S.C. §§ 101, 102 and 103, it is denied.

104.   Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104, and therefore denies the same.  To the extent that any allegation in paragraph 104 is intended to establish patent eligibility under 35 U.S.C. §§ 101, 102 and 103, it is denied.

105.   Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105, and therefore denies the same.  To the extent that any allegation in paragraph 105 is intended to establish patent eligibility under 35 U.S.C. §§ 101, 102 and 103, it is denied.

106.   Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106, and therefore denies the same.  To the extent that any allegation in paragraph 106 is intended to establish patent eligibility under 35 U.S.C. §§ 101, 102 and 103, it is denied.

107.   Denied.

<u>'319 Patent Allegations</u>

108.   Admitted that Comcast offers a feature referred to as X1 AnyRoom DVR.  The remaining allegations of paragraph 108 are denied.

109.   Denied that Comcast infringes any valid and enforceable claim of the '319 patent.

110.   Denied that Comcast infringes any valid and enforceable claim of the '319 patent.

111.   Comcast avers that no answer to paragraph 111 is required.  To the extent any allegation in paragraph 111 is intended as a basis for liability as to Comcast, it is denied.

112.   Denied.

113.   Admitted that the Xfinity website provides a page titled "X1 AnyRoom DVR – What it is and How it Works" and that paragraph 113 accurately quotes from that page.  Comcast admits that it provides information on the use of the X1 AnyRoom DVR feature.  The remaining allegations of paragraph 113 are denied.

114.   Denied.

115.   Comcast avers that no answer to paragraph 115 is required.  To the extent any answer is required, Comcast denies the allegations in paragraph 115.

116.   Denied.

117.   Denied.

118.   Denied.

## <u>SECOND CLAIM FOR RELIEF</u>

### <u>U.S. PATENT NO. 8,448,215</u>

119.   Comcast incorporates by reference its responses contained in paragraphs 1-118 above as though fully set forth herein.

120.   Denied.

121.   Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121, and therefore denies the same.

122.   Admitted that a document purporting to be the '215 patent is attached to the Amended Complaint as Exhibit B.

<u>The '215 Patent</u>

123.   Comcast avers that the '215 Patent speaks for itself.  The remaining allegations of paragraph 123 are denied.

124.   Admitted that paragraph 124 accurately quotes from the '215 patent at 13:44-59.  The remaining allegations of paragraph 124 are denied.

125.   Admitted that paragraph 125 accurately quotes from the '215 patent at 13:60-14:3.  The remaining allegations of paragraph 125 are denied.

126.   Admitted that paragraph 126 accurately quotes from the '215 patent at 4:52-61.  The remaining allegations of paragraph 126 are denied.

127.   Admitted that paragraph 127 accurately depicts Figure 1 from the '215 patent.  The remaining allegations of paragraph 127 are denied.

<u>Historical Context of the '215 Patent</u>

128.   Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 128, and therefore denies the same.  To

the extent that any allegation in paragraph 128 is intended to establish patent eligibility under 35 U.S.C. §§ 101, 102 and 103, it is denied.

129.   Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 129, and therefore denies the same.  To the extent that any allegation in paragraph 129 is intended to establish patent eligibility under 35 U.S.C. §§ 101, 102 and 103, it is denied.

130.   Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 130, and therefore denies the same.  To the extent that any allegation in paragraph 130 is intended to establish patent eligibility under 35 U.S.C. §§ 101, 102 and 103, it is denied.

131.   Denied.

<u>'215 Patent Allegations</u>

132.   Admitted that Comcast offers a "Download" feature on its Xfinity Stream app.  The remaining allegations of paragraph 132 are denied.

133.   Denied that Comcast infringes any valid and enforceable claim of the '215 patent.

134.   Denied that Comcast infringes any valid and enforceable claim of the '215 patent.

135.   Admitted that Rovi provided Comcast with notice of the '215 Patent in September 2014.  The remaining allegations of paragraph 135 are denied.

136.   Admitted that in April 2015, Rovi shared with Comcast a list of patents, including the '215 Patent.  The remaining allegations of paragraph 136 are denied.

137.   Comcast avers that no answer to paragraph 137 is required.  To the extent any allegation in paragraph 137 is intended as a basis for liability as to Comcast, it is denied.

138.   Denied.

139.   Admitted that the sources cited in footnotes 31 and 32 are accurately quoted in paragraph 139.  The remaining allegations of paragraph 139 are denied.

140.   Denied.

141.   Comcast avers that no answer to paragraph 141 is required.  To the extent any answer is required, Comcast denies the allegations in paragraph 141.

142.   Denied.

143.   Denied.

144.   Denied.

145.   Denied.

## THIRD CLAIM FOR RELIEF

### U.S. PATENT NO. 8,973,069

146.   Comcast incorporates by reference its responses contained in paragraphs 1-145 above as though fully set forth herein.

147.   Denied.

148.   Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 148, and therefore denies the same.

149.   Admitted that a document purporting to be the '069 patent is attached to the Amended Complaint as Exhibit C.

The '069 Patent

150.   Comcast avers that the '069 Patent speaks for itself.  The remaining allegations of paragraph 150 are denied.

151.   Admitted that paragraph 151 accurately quotes from the '069 Patent at 10:27-39.  The remaining allegations of paragraph 151 are denied.

152.   Admitted that paragraph 152 accurately quotes from the '069 Patent at 11:10-22.  The remaining allegations of paragraph 152 are denied.

153.   Admitted that paragraph 153 accurately quotes from the '069 Patent at 11:51-12:3.  The remaining allegations of paragraph 153 are denied.

154.   Admitted that paragraph 154 accurately depicts Figure 7B from the '069 patent.  Comcast admits that paragraph 154 accurately quotes from the '069 Patent at 10:54-63.  The remaining allegations of paragraph 154 are denied.

155.   Admitted that paragraph 155 accurately quotes from the '069 Patent at 10:64-11:9.  The remaining allegations of paragraph 155 are denied.

Historical Context of the '069 Patent

156.   Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 156, and therefore denies the same.  To the extent that any allegation in paragraph 156 is intended to establish patent eligibility under 35 U.S.C. §§ 101, 102 and 103, it is denied.

157.   Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 157, and therefore denies the same.  To the extent that any allegation in paragraph 157 is intended to establish patent eligibility under 35 U.S.C. §§ 101, 102 and 103, it is denied.

158. Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 158, and therefore denies the same. To the extent that any allegation in paragraph 158 is intended to establish patent eligibility under 35 U.S.C. §§ 101, 102 and 103, it is denied.

159. Denied.

<u>'069 Patent Allegations</u>

160. Admitted that Comcast offers features referred to as "AnyRoom DVR" and "Xfinity Stream." The remaining allegations of paragraph 160 are denied.

161. Denied that Comcast infringes any valid and enforceable claim of the '069 patent.

162. Denied that Comcast infringes any valid and enforceable claim of the '069 patent.

163. Comcast avers that no answer to paragraph 163 is required. To the extent any allegation in paragraph 163 is intended as a basis for liability as to Comcast, it is denied.

164. Denied.

165. Admitted that the webpages cited in footnotes 37 and 38 are accurately quoted in paragraph 165. The remaining allegations of paragraph 165 are denied.

166. Denied.

167. Comcast avers that no answer to paragraph 167 is required. To the extent any answer is required, Comcast denies the allegations in paragraph 167.

168. Denied.

1    169.   Denied.

2    170.   Denied.

3    **FOURTH CLAIM FOR RELIEF**

4    **U.S. PATENT NO. 7,873,978**

5    171.   Comcast incorporates by reference its responses contained in

6    paragraphs 1-170 above as though fully set forth herein.

7    172.   Denied.

8    173.   Comcast lacks knowledge or information sufficient to form a belief as

9    to the truth of the allegations in paragraph 173, and therefore denies the same.

10   174.   Admitted that a document purporting to be the '978 patent is attached

11   to the Amended Complaint as Exhibit D.

12   The '978 Patent

13   175.   Comcast avers that the '978 patent speaks for itself.  The remaining

14   allegations of paragraph 175 are denied.

15   176.   Admitted that paragraph 176 accurately quotes from the '978 patent at

16   8:40-53.  The remaining allegations of paragraph 176 are denied.

17   177.   Admitted that paragraph 177 accurately quotes from the '978 patent at

18   8:54-9:5.  The remaining allegations of paragraph 177 are denied.

19   178.   Admitted that paragraph 178 accurately depicts Figure 2e from the

20   '978 patent.  The remaining allegations of paragraph 178 are denied.

21   179.   Admitted that paragraph 179 accurately quotes from the '978 patent at

22   11:65-12:14.  The remaining allegations of paragraph 179 are denied.

23

24

25

<u>Historical Context of the '978 Patent</u>

180.   Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 180, and therefore denies the same.  To the extent that any allegation in paragraph 180 is intended to establish patent eligibility under 35 U.S.C. §§ 101, 102 and 103, it is denied.

181.   Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 181, and therefore denies the same.  To the extent that any allegation in paragraph 181 is intended to establish patent eligibility under 35 U.S.C. §§ 101, 102 and 103, it is denied.

182.   Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 182, and therefore denies the same.  To the extent that any allegation in paragraph 182 is intended to establish patent eligibility under 35 U.S.C. §§ 101, 102 and 103, it is denied.

183.   Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 183, and therefore denies the same.  To the extent that any allegation in paragraph 183 is intended to establish patent eligibility under 35 U.S.C. §§ 101, 102 and 103, it is denied.

184.   Denied.

<u>'978 Patent Allegations</u>

185.   Admitted that Comcast offers a "Download" feature on its Xfinity Stream app.  The remaining allegations of paragraph 185 are denied.

186.   Denied that Comcast infringes any valid and enforceable claim of the '978 patent.

187.   Denied that Comcast infringes any valid and enforceable claim of the '978 patent.

188.   Admitted that Rovi provided Comcast with notice of the '978 patent prior to the filing of this case.  The remaining allegations of paragraph 188 are denied.

189.   Admitted that Rovi provided Comcast with a list of patents in April 2015, which included the '978 patent.  The remaining allegations of paragraph 189 are denied.

190.   Comcast avers that no answer to paragraph 190 is required.  To the extent that any allegation in paragraph 190 is intended as a basis for liability as to Comcast, it is denied.

191.   Denied.

192.   Admitted that the website cited in footnote 40 is accurately quoted in paragraph 192.  The remaining allegations of paragraph 192 are denied.

193.   Denied.

194.   Comcast avers that no answer to paragraph 194 is required.  To the extent that any answer is required, Comcast denies the allegations in paragraph 194.

195.   Denied.

196.   Denied.

197.   Denied.

198.   Denied.

# FIFTH CLAIM FOR RELIEF

## PATENT NO. 9,232,254

199. Comcast incorporates by reference its responses contained in paragraphs 1-198 above as though fully set forth herein.

200. Denied.

201. Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 201, and therefore denies the same.

202. Admitted that a document purporting to be the '254 patent is attached to the Amended Complaint as Exhibit E.

### The '254 Patent

203. Comcast avers that the '254 patent speaks for itself.  The remaining allegations of paragraph 203 are denied.

204. Admitted that paragraph 204 accurately quotes from the '254 patent at 8:47-60.  The remaining allegations of paragraph 204 are denied.

205. Admitted that paragraph 205 accurately quotes from the '254 patent at 8:61-9:7.  The remaining allegations of paragraph 205 are denied.

206. Admitted that paragraph 206 accurately quotes from the '254 patent at 22:45-63.  The remaining allegations of paragraph 206 are denied.

207. Admitted that paragraph 207 accurately quotes from the '254 patent at 23:11-25.  The remaining allegations of paragraph 207 are denied.

208. Admitted that paragraph 208 accurately depicts Figure 18d from the '254 patent.  The remaining allegations of paragraph 208 are denied.

<u>Historical Context of the '254 Patent</u>

209.   Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 209, and therefore denies the same.  To the extent that any allegation in paragraph 209 is intended to establish patent eligibility under 35 U.S.C. §§ 101, 102 and 103, it is denied.

210.   Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 210, and therefore denies the same.  To the extent that any allegation in paragraph 210 is intended to establish patent eligibility under 35 U.S.C. §§ 101, 102 and 103, it is denied.

211.   Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 211, and therefore denies the same.  To the extent that any allegation in paragraph 211 is intended to establish patent eligibility under 35 U.S.C. §§ 101, 102 and 103, it is denied.

212.   Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 212, and therefore denies the same.  To the extent that any allegation in paragraph 212 is intended to establish patent eligibility under 35 U.S.C. §§ 101, 102 and 103, it is denied.

213.   Denied.

<u>'254 Patent Allegations</u>

214.   Admitted that Comcast offers a feature referred to as X1 Cloud DVR. The remaining allegations of paragraph 214 are denied.

215.   Denied that Comcast infringes any valid and enforceable claim of the '254 patent.

216.   Denied that Comcast infringes any valid and enforceable claim of the '254 patent.

217.   Comcast avers that no answer to paragraph 217 is required.  To the extent that any allegation in paragraph 217 is intended as a basis for liability as to Comcast, it is denied.

218.   Denied.

219.   Admitted that the Xfinity website provides a page titled "Record and Play Back Programs with X1 Cloud DVR" and that paragraph 219 accurately quotes from that page.  Comcast admits that it provides information on the use of the X1 Cloud DVR system.  The remaining allegations of paragraph 219 are denied.

220.   Denied.

221.   Comcast avers that no answer to paragraph 221 is required.  To the extent that any answer is required, Comcast denies the allegations in paragraph 221.

222.   Denied.

223.   Denied.

224.   Denied.

## SIXTH CLAIM FOR RELIEF

### U.S. PATENT NO. 8,272,019

225.   Comcast incorporates by reference its responses contained in paragraphs 1-224 above as though fully set forth herein.

226.   Denied.

227.   Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 227, and therefore denies the same.

228.   Admitted that a document purporting to be the '019 patent is attached to the Amended Complaint as Exhibit F.

The '019 Patent

229.   Comcast avers that the '019 patent speaks for itself.  The remaining allegations of paragraph 229 are denied.

230.   Admitted that paragraph 230 accurately quotes from the '019 patent at 3:1-21.  The remaining allegations of paragraph 230 are denied.

231.   Admitted that paragraph 231 accurately quotes from the '019 patent at 8:57-9:8.  The remaining allegations of paragraph 231 are denied.

232.   Admitted that paragraph 232 accurately quotes from the '019 patent at 9:9-37.  The remaining allegations of paragraph 232 are denied.

233.   Admitted that paragraph 233 accurately quotes from the '019 patent at 27:43-58.  The remaining allegations of paragraph 233 are denied.

234.   Admitted that paragraph 234 accurately quotes from the '019 patent at 27:59-28:7.  The remaining allegations of paragraph 234 are denied.

Historical Context of the '019 Patent

235.   Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 235, and therefore denies the same.  To the extent that any allegation in paragraph 235 is intended to establish patent eligibility under 35 U.S.C. §§ 101, 102 and 103, it is denied.

236.   Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 236, and therefore denies the same.  To

the extent that any allegation in paragraph 236 is intended to establish patent eligibility under 35 U.S.C. §§ 101, 102 and 103, it is denied.

237.   Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 237, and therefore denies the same.  To the extent that any allegation in paragraph 237 is intended to establish patent eligibility under 35 U.S.C. §§ 101, 102 and 103, it is denied.

238.   Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 238, and therefore denies the same.  To the extent that any allegation in paragraph 238 is intended to establish patent eligibility under 35 U.S.C. §§ 101, 102 and 103, it is denied.

239.   Denied.

### '019 Patent Allegations

240.   Admitted that Comcast offers a feature referred to as X1 Cloud DVR. The remaining allegations of paragraph 240 are denied.

241.   Denied that Comcast infringes any valid and enforceable claim of the '019 patent.

242.   Denied that Comcast infringes any valid and enforceable claim of the '019 patent.

243.   Admitted that Rovi provided Comcast with notice of the '019 patent prior to the filing of this case.  The remaining allegations of paragraph 243 are denied.

244.   Admitted that Rovi provided Comcast with a list of patents in April 2015, which included the '019 patent.  The remaining allegations of paragraph 244 are denied.

1    245.   Comcast avers that no answer to paragraph 245 is required.  To the

2    extent that any allegation in paragraph 245 is intended as a basis for liability as to

3    Comcast, it is denied.

4    246.   Denied.

5    247.   Admitted that the Xfinity website provides a webpage titled "X1

6    Cloud DVR FAQs" and that Comcast provides information on the use of X1 Cloud

7    DVR.  The remaining allegations of paragraph 247 are denied.

8    248.   Denied.

9    249.   Comcast avers that no answer to paragraph 249 is required.  To the

10   extent that any answer is required, Comcast denies the allegations in paragraph

11   249.

12   250.   Denied.

13   251.   Denied.

14   252.   Denied.

15   253.   Denied.

16                    **SEVENTH CLAIM FOR RELIEF**

17                    **U.S. PATENT NO. 7,735,107**

18   254.   Comcast incorporates by reference its responses contained in

19   paragraphs 1-253 above as though fully set forth herein.

20   255.   Denied.

21   256.   Comcast lacks knowledge or information sufficient to form a belief as

22   to the truth of the allegations in paragraph 256, and therefore denies the same.

23   257.   Admitted that a document purporting to be the '107 patent is attached

24   to the Amended Complaint as Exhibit G.

25

1

<u>The '107 Patent</u>

2      258.   Comcast avers that the '107 patent speaks for itself.  The remaining
3    allegations of paragraph 258 are denied.

4      259.   Admitted that paragraph 259 accurately quotes from the '107 patent at
5    5:60-6:10.  The remaining allegations of paragraph 259 are denied.

6      260.   Admitted that paragraph 260 accurately quotes from the '107 patent at
7    6:33-41.  The remaining allegations of paragraph 260 are denied.

8      261.   Admitted that paragraph 261 accurately quotes from the '107 patent at
9    2:63-3:12.  The remaining allegations of paragraph 261 are denied.

10     262.   Admitted that paragraph 262 accurately quotes from the '107 patent at
11   8:37-50.  The remaining allegations of paragraph 262 are denied.

12

<u>Historical Context of the '107 Patent</u>

13     263.   Comcast lacks knowledge or information sufficient to form a belief as
14   to the truth of the allegations in paragraph 263, and therefore denies the same.  To
15   the extent that any allegation in paragraph 263 is intended to establish patent
16   eligibility under 35 U.S.C. §§ 101, 102 and 103, it is denied.

17     264.   Comcast lacks knowledge or information sufficient to form a belief as
18   to the truth of the allegations in paragraph 264, and therefore denies the same.  To
19   the extent that any allegation in paragraph 264 is intended to establish patent
20   eligibility under 35 U.S.C. §§ 101, 102 and 103, it is denied.

21     265.   Comcast lacks knowledge or information sufficient to form a belief as
22   to the truth of the allegations in paragraph 265, and therefore denies the same.  To
23   the extent that any allegation in paragraph 265 is intended to establish patent
24   eligibility under 35 U.S.C. §§ 101, 102 and 103, it is denied.

25

266.   Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 265, and therefore denies the same.  To the extent that any allegation in paragraph 265 is intended to establish patent eligibility under 35 U.S.C. §§ 101, 102 and 103, it is denied.

267.   Denied.

### '107 Patent Allegations

268.   Admitted that Comcast offers a feature that allows a subscriber to start certain shows from the beginning.  The remaining allegations of paragraph 268 are denied.

269.   Denied that Comcast infringes any valid and enforceable claim of the '107 patent.

270.   Denied that Comcast infringes any valid and enforceable claim of the '107 patent.

271.   Admitted that Rovi provided Comcast with notice of the '107 patent prior to the filing of this case.  The remaining allegations of paragraph 271 are denied.

272.   Admitted that Rovi provided Comcast with a list of patents in April 2015, which included the '107 patent.  The remaining allegations of paragraph 272 are denied.

273.   Comcast avers that no answer to paragraph 273 is required.  To the extent that any allegation in paragraph 273 is intended as a basis for liability as to Comcast, it is denied.

274.   Denied.

275.   Admitted that the source cited in footnote 48 includes discussion of a restart option.  The remaining allegations of paragraph 275 are denied.

276.   Admitted that the source cited in footnote 49 includes discussion regarding an option referred to as "Restart Show Command."  The remaining allegations of paragraph 276 are denied.

277.   Comcast avers that no answer to paragraph 277 is required.  To the extent that any answer is required, Comcast denies the allegations in paragraph 277.

278.   Denied.

279.   Denied.

280.   Denied.

281.   Denied.

**EIGHTH CLAIM FOR RELIEF**

**U.S. PATENT NO. 9,118,948**

282.   Comcast incorporates by reference its responses contained in paragraphs 1-281 above as though fully set forth herein.

283.   Denied.

284.   Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 284, and therefore denies the same.

285.   Admitted that a document purporting to be the '948 Patent is attached to the Amended Complaint as Exhibit H.

The '948 Patent

286.   Comcast avers that the '948 Patent speaks for itself.  The remaining allegations of paragraph 286 are denied.

287.   Admitted that paragraph 287 accurately quotes from the '948 Patent at 22:10-19.  The remaining allegations of paragraph 287 are denied.

288.   Admitted that paragraph 288 accurately quotes from the '948 Patent at 8:47-55.  The remaining allegations of paragraph 288 are denied.

289.   Admitted that paragraph 289 accurately quotes from the '948 Patent at 8:61-65.  The remaining allegations of paragraph 289 are denied.

290.   Admitted that paragraph 290 accurately quotes from the '948 Patent at 9:14-23.  The remaining allegations of paragraph 290 are denied.

291.   Admitted that paragraph 291 accurately quotes from the '948 Patent at 22:23-34.  The remaining allegations of paragraph 291 are denied.

292.   Admitted that paragraph 292 accurately depicts Figure 5 from the '948 patent.  The remaining allegations of paragraph 292 are denied.

293.   Admitted that paragraph 293 accurately quotes from the '948 Patent at 11:26-47.  The remaining allegations of paragraph 293 are denied.

<u>Historical Context of the '948 Patent</u>

294.   Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 294, and therefore denies the same.  To the extent that any allegation in paragraph 294 is intended to establish patent eligibility under 35 U.S.C. §§ 101, 102 and 103, it is denied.

295.   Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 295, and therefore denies the same.  To the extent that any allegation in paragraph 295 is intended to establish patent eligibility under 35 U.S.C. §§ 101, 102 and 103, it is denied.

296.   Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 296, and therefore denies the same.  To the extent that any allegation in paragraph 296 is intended to establish patent eligibility under 35 U.S.C. §§ 101, 102 and 103, it is denied.

297.   Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 297, and therefore denies the same.  To the extent that any allegation in paragraph 297 is intended to establish patent eligibility under 35 U.S.C. §§ 101, 102 and 103, it is denied.

298.   Denied.

### '948 Patent Allegations

299.   Admitted that Comcast offers a feature referred to as X1 Cloud DVR. The remaining allegations of paragraph 299 are denied.

300.   Denied that Comcast infringes any valid and enforceable claim of the '948 patent.

301.   Denied that Comcast infringes any valid and enforceable claim of the '948 patent.

302.   Comcast avers that no answer to paragraph 302 is required.  To the extent any allegation in paragraph 302 is intended as a basis for liability as to Comcast, it is denied.

303.   Denied.

304.   Admitted that the Xfinity website, as cited in footnote 51, provides information relating to X1 Cloud DVR and that paragraph 304 accurately quotes from the cited page.  Admitted that the Xfinity website cited in footnote 51

provides an overview relating to Comcast's X1 Cloud DVR feature.  The remaining allegations of paragraph 304 are denied.

305.   Denied.

306.   Comcast avers that no answer to paragraph 306 is required.  To the extent any answer is required, Comcast denies the allegations in paragraph 306.

307.   Denied.

308.   Denied.

309.   Denied.

## GENERAL DENIAL

Comcast denies each and every allegation of the Amended Complaint, including Plaintiff's Prayer for Relief, which herein has been neither admitted nor controverted.

## DEFENSES

Comcast alleges and asserts the following defenses in response to Plaintiff's allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  Comcast reserves the right to allege additional defenses as they become known through the course of discovery.

### First Defense

Comcast has not infringed, and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the Asserted Patents.

1

Second Defense

2      The asserted claims of the Asserted Patents are invalid for failure to comply

3  with the requirements of the patent laws of the United States, including provisions

4  of 35 U.S.C. §§ 101, 102, 103 and 112.

5

Third Defense

6      To the extent that Plaintiff alleges a claim for infringement of any of the

7  Asserted Patents based on the doctrine of equivalents, it is barred under the

8  doctrine of prosecution history estoppel and/or other limits to the doctrine of

9  equivalents, and Plaintiff is estopped from claiming that such patents cover any

10 accused Comcast method, system and/or product.

11

Fourth Defense

12     On information and belief, Plaintiff has failed to comply with the

13 requirements of 35 U.S.C. § 287, based on, but not limited to, their failure to mark

14 products covered by the claims of the Asserted Patents and/or their licensees'

15 failure to mark products covered by the claims of the Asserted Patents.

16

Fifth Defense

17     Venue in the Central District of California is improper with respect to

18 Comcast Corporation, Comcast Holdings Corporation and NBCUniversal Shared

19 Services (formerly known as Comcast Shared Services, LLC).

20

Sixth Defense

21     The Central District of California lacks personal jurisdiction over Comcast

22 Corporation, Comcast Holdings Corporation and NBCUniversal Shared Services

23 (formerly known as Comcast Shared Services, LLC).

24

25

Seventh Defense

Plaintiff's claims of patent infringement relating to any set-top boxes purchased by Comcast prior to April 1, 2016, are barred under the doctrine of patent exhaustion.

Eighth Defense

Plaintiff's Amended Complaint fails to state any claim upon which relief may be granted.

Dated:  March 21, 2019                                        Respectfully submitted,

DAVIS POLK & WARDWELL LLP

*/s/ David J. Lisson*

Ashok Ramani (SBN 200020)
ashok.ramani@davispolk.com
David J. Lisson (SBN 250994)
david.lisson@davispolk.com
Micah G. Block (SBN 270712)
micah.block@davispolk.com
Gareth E. DeWalt (SBN 261479)
gareth.dewalt@davispolk.com
Philip T. Sheng (SBN 278422)
philip.sheng@davispolk.com
Serge A. Voronov (SBN 298655)
serge.voronov@davispolk.com
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111

*Attorneys for Defendants*