1  Roderick G. Dorman (SBN 96908)
   rdorman@mckoolsmith.com
2  MCKOOL SMITH P.C.
3  300 South Grand Avenue, Suite 2900
   Los Angeles, California 90071
4  Telephone:  (213) 694-1200
5
   Douglas A. Cawley (TX SBN 04035500) (Pro Hac Vice)
6  dcawley@mckoolsmith.com
7  MCKOOL SMITH P.C.
   300 Crescent Court, Suite 1500
8  Dallas, Texas 75201
9  Telephone:  (214) 978-4000
   Joshua W. Budwin (TX SBN 24050347) (Pro Hac Vice)
10 jbudwin@mckoolsmith.com
11 John B. Campbell (TX SBN 24036314) (Pro Hac Vice)
   jcampbell@mckoolsmith.com
12 Kristina S. Baehr (TX SBN 24080780) (Pro Hac Vice)
13 kbaehr@mckoolsmith.com
   R. Mitch Verboncoeur (TX SBN 24105732) (Pro Hac Vice)
14 mverboncoeur@mckoolsmith.com
15 MCKOOL SMITH P.C.
   300 W. 6th Street, Suite 1700
16 Austin, Texas 78701
17 Telephone:  (512) 692-8700
18 Attorneys for Plaintiff
   ROVI GUIDES, INC.
19

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROVI GUIDES, INC., <br> Plaintiff, <br> v. <br> COMCAST CORPORATION; COMCAST CABLE COMMUNICATIONS, LLC; COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC; COMCAST BUSINESS COMMUNICATIONS, LLC; COMCAST HOLDINGS CORPORATION; COMCAST SHARED SERVICES, LLC; COMCAST OF SANTA MARIA, LLC; and COMCAST OF LOMPOC, LLC, <br> Defendants. | Case No. 2:19-cv-00275-AG-FFM <br><br> Judge: Andrew J. Guilford <br><br> **PROCEDURAL SCHEDULE AND DISCOVERY ORDER** |

## PROCEDURAL SCHEDULE

| Event | Deadline |
|---|---|
| Exchange of Proposed Constructions | July 1, 2019 |
| Joinder and Amendment Motions | July 19, 2019 |
| Completion of Claim Construction Discovery | July 29, 2019 |
| Joint Claim Construction and Prehearing Statement | August 5, 2019 |
| Claim Construction Opening Briefs | August 26, 2019 |
| Claim Construction Response Briefs | September 23, 2019 |
| Claim Construction Hearing | October 14, 2019 |
| Substantial Document Production Date | November 22, 2019 |
| Last Day to Serve Written Discovery | July 8, 2020 |
| End of Fact Discovery | August 7, 2020 |
| Final Infringement Contentions | August 17, 2020 |
| S.P.R. § 4.4 Advice of Counsel Disclosure and Privilege Log | August 17, 2020 |
| Rovi's Rule 26 Expert Reports for Issues on which Rovi Bears the Burden of Proof | August 17, 2020 |
| Final Invalidity Contentions | September 14, 2020 |
| Comcast's Rule 26 Expert Reports for Issues on which Comcast Bears the Burden of Proof | September 14, 2020 |
| Comcast's Rebuttal Expert Reports | September 14, 2020 |
| Rovi's Rebuttal Expert Reports | October 12, 2020 |
| Discovery Cut-Off | November 9, 2020 |
| Last Day to File Dispositive Motions | December 7, 2020 |
| Last Day to File Daubert Motions | December 7, 2020 |
| Last Day to File Discovery Motions | December 9, 2020 |
| Alternative Dispute Resolution Deadline | December 11, 2020 |
| L.R. 16-2.1 Meeting of Counsel and Related Disclosures | December 16, 2020 |

| Event | Deadline |
|---|---|
| L.R. 16-4 Memorandum of Contentions of Law and Fact | January 4, 2021 |
| Rule 26(a)(3) Pretrial Disclosures, including L.R. 16-5 Witness Lists and L.R. 16-6 Exhibit Lists | January 4, 2021 |
| Motions in Limine | January 11, 2021 |
| Final Pretrial Conference Order | January 14, 2021 |
| Rule 26(a)(3)(B) Objections | January 14, 2021 |
| Responses to Motions in Limine | January 18, 2021 |
| Final Pretrial Conference | January 25, 2021 |
| L.R. 16-3 Disclosure of Graphic and Illustrative Materials | January 29, 2021 |
| Proposed Voir Dire Questions | February 2, 2021 |
| Last Day to Serve Trial Briefs | February 2, 2021 |
| Proposed Jury Instructions | February 2, 2021 |
| *Trial* | *February 9, 2021* |

# DISCOVERY ORDER

## I. ELECTRONICALLY STORED INFORMATION

The parties will abide by the Court's Standing Patent E-Discovery Order, with one exception, provided the Court permits it: The parties currently believe that the review and production of emails in response to requests for production would be costly, burdensome, and of limited value in light of the substantial email-related discovery the parties previously obtained in related cases. Accordingly, the parties agree that: (1) written discovery shall not include requests for the production of emails in any format; (2) the parties are not required to produce emails in any format in response to requests for production; and (3) Rules 7-9 of the Court's Standing Patent E-Discovery Order do not apply. If the need for limited email discovery arises during discovery, either party may later move to allow propounding limited email discovery requests.

## II. PRIVILEGED INFORMATION

(A) The parties agree that the preparation and exchange of privilege logs is a costly and burdensome exercise. Accordingly, the parties shall not, as a general matter, exchange privilege logs.

(B) In the event a dispute arises where a party believes that the production of a privilege log limited in scope may be appropriate, the parties agree to meet and confer in good faith regarding the propriety and scope of such a privilege log. Any party may move the Court to compel production of any documents or information identified on any other party's privilege log, provided that such a motion is filed prior to the close of discovery (except for good cause shown).

## III. DISCOVERY LIMITATIONS

(A) Each side is allowed to serve a total of 50 requests for admission and 30 interrogatories on the other side. As used herein, Rovi is one "side" and the Comcast is the other "side."

(B) Each side is allowed up to a total of 7 hours of deposition testimony of each testifying expert for each report on a separate subject (e.g., if an expert opines on infringement and validity, 14 hours of deposition testimony would be permitted) with an absolute maximum deposition time of 14 hours for each expert per side; except that, for any testifying expert who opines on more than three patents-in-suit, the parties will meet and confer in good faith to discuss reasonable increases to the hour limits set forth in this paragraph.

(C) Each side is allowed up to a total of 7 hours of deposition testimony for each inventor of each patent-in-suit up to an absolute maximum of 10 hours per inventor per side (e.g., if an inventor is a named inventor on a single patent, that inventor could provide up to 7 hours of deposition testimony per side where an inventor who is named on two or more patents could provide up to 10 hours of deposition testimony per side).

(D) For party witnesses other than testifying experts and inventors, each side is allowed to take up to 80 hours of party deposition testimony (including depositions taken pursuant to Fed. R. Civ. P. 30(b)(6) and (1)), and up to 17 party witnesses may be noticed under Fed. R. Civ. P. 30(b)(1). The parties reserve the right to seek leave to depose additional witnesses for good cause.

(E) For non-party witnesses other than non-party inventors, each side is allowed to take up to 80 hours of non-party deposition testimony

(including depositions taken pursuant to Fed. R. Civ. P. 30(b)(6) and (1)).

(F) Except by the parties' mutual agreement or agreement of the witness, no single deposition of any one witness can exceed 7 hours on the record in a single business day.

(G) Depositions involving non-English testimony will count as 1 hour for each 2 hours on the record. For example, two hours of such deposition time will count as one hour for purposes of deposition limits.

Any party may later move to modify these limitations for good cause, or the parties may file a motion to modify them by agreement.

## IV. STIPULATIONS REGARDING DISCOVERY

(A) Stipulation Regarding the Authenticity of Documents.

1. Absent affirmative evidence that a document or thing is not what it purports to be, Rovi agrees that, for purposes of Rule 901 of the Federal Rules of Evidence, Rovi will not contest the authenticity of any document or thing, including any true and correct copy thereof, that Comcast produces in this action.

2. Absent affirmative evidence that a document or thing is not what it purports to be, Comcast agrees that, for purposes of Rule 901 of the Federal Rules of Evidence, Comcast will not contest the authenticity of any document or thing, including any true and correct copy thereof, that Rovi produces in this action.

3. The parties' agreements in subparagraphs (1) and (2) above do not apply to handwritten notes. If a document or thing that a party produces also bears handwritten notes, the

parties' agreements do not apply to the handwritten-notes portion of the document, but do apply to the remainder of the document or thing. The parties agree that, at a mutually agreed upon time prior to trial, each side may identify to the opposing side a reasonable amount of documents and things containing handwritten notes as to which that party wishes to obtain a stipulation of authenticity.

4. At a mutually agreed upon time prior to trial, each side may identify to the other side a reasonable amount of third-party documents and things as to which that side wishes to obtain a stipulation of authenticity. The sides agree to give good-faith consideration to such reasonable requests pertaining to third-party documents and things.

5. In the event that a dispute arises regarding the authenticity of a document, the parties agree to meet and confer in good faith promptly about the authenticity of such document(s), and, if necessary, to expedite any related motions for resolution by the Court.

6. Nothing in this stipulation regarding the authenticity of documents shall be construed as an agreement that any documents or things that are subject to this stipulation are otherwise admissible into evidence by any party. The parties expressly reserve the right to object to the admissibility of any document or thing under any grounds permitted by law and not expressly addressed herein.

(B) Counsel need not preserve drafts of expert reports (partial or

7

complete), notes, and other evidence of communications with experts on the subject of the expert's actual or potential testimony. Further, the parties agree that no party is required to produce communications between counsel and expert witnesses; communications between an expert and others, including staff members who work at the direction of the expert to support the expert; or drafts of expert reports.

## V.    APPLICABLE ORDERS

The parties and counsel are charged with notice of and are required to fully comply with each of the standing orders of this Court. These orders are posted on the Court's website at http://www.cacd.uscourts.gov/honorable-andrew-j-guilford. The substance of some such orders may be included expressly within this Discovery Order, while others (including the Court's Order Re Early Meeting of Parties and Scheduling Conference, Order Specifying Procedures, and Patent Rules) are incorporated herein by reference. Except as modified in this Discovery Order, such standing orders shall be binding on the parties and counsel, regardless of whether they are expressly included herein or made a part hereof by reference.

SIGNED this \_\_\_\_ day of _____, 2019.

_____
ANDREW J. GUILFORD
UNITED STATES JUDGE

9
DISCOVERY ORDER